The order below is hereby signed.

Signed: April 14 2014



_S. Martin Teel Jr._

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
SEIFUDDIN ABDUL-MALIK,         )    Case No. 14-00146
                               )    (Chapter 7)
                   Debtor.     )

MEMORANDUM DECISION AND ORDER TO DISGORGE
FEES AND CONDITIONING FUTURE APPEARANCES UPON
THE FILING OF A CERTIFICATE OF GOOD STANDING

On March 31, 2014, the court issued an order directing

attorney Sheron Barton to show cause why any fee she received in

connection with this bankruptcy case ought not be disgorged based

upon the suspension of her membership from the bar of the U.S.

District Court for the District of Columbia and the order from

the D.C. Court of Appeals suspending her from the practice of law

for a period of one year (Dkt. No. 28).  Ms. Barton's response

contends that this court's order contradicts a settlement

agreement she has entered into.  It likewise challenges the

court's assertion that Ms. Barton's membership in the bar of the

U.S. District Court for the District of Columbia has been

suspended, and asks this court to "re-check the bankruptcy court

records" because she insists that her "admission was reactivated

. . . ." For reasons explained in more detail below, the court
finds that Ms. Barton was not eligible to file papers and appear
as counsel for the debtor in this bankruptcy case. Having filed
this case while her bar membership was suspended, the court
concludes that Ms. Barton is not entitled to a fee for her
services,[1] and I will order her to disgorge the fee she received
in its entirety.

I

On January 27, 2014, the United States District Court for
the District of Columbia, in Attorney Grievance Docket No. 14-01,
issued a Temporary Suspension and Show Cause Order. That order
provided, in pertinent part, that Ms. Barton was "suspended from
the practice of law before the United States District Court for
the District of Columbia pending a final disposition under the
Rules of this Court . . . ." At the time of the filing of this
case, March 21, 2014, that order was in full force and effect.
Because Ms. Barton was not a member in good standing of the
district court of which this court is a unit, she was not
authorized to appear before this court and she ought not have

---

[1] The court does not reach the more serious question of
whether Ms. Barton's conduct amounts to the unauthorized practice
of law, *see State v. Blase*, 494 P.2d 1224 (Kan. 1972) (practicing
while suspended constituted unauthorized practice of law), or
whether the violation of the District Court's suspension order
was willful such that Ms. Barton ought to be held in contempt.
*See In re Downing*, 195 B.R. 870 (Bankr. D. Md. 1996) (attorney
held in criminal contempt for violating order barring attorney
from the practice of law before the bankruptcy court).

filed this case.[2]   Accordingly, her appearance was stricken.

The basis for the temporary suspension of Ms. Barton's membership from the bar of the U.S. District Court for the District of Columbia arose out of that court's exercise of reciprocal discipline in accordance with DCt.LCvR 83.16. Specifically, the temporary suspension order was issued in response to a May 8, 2013 order issued by the United States District Court for the District of Maryland that reprimanded Ms. Barton, accepted her resignation from the bar of that court, and provided that Ms. Barton could apply for reinstatement after one year if she satisfied certain terms and conditions of the order.

On March 6, 2014, before this case was commenced, the District of Columbia Court of Appeals filed an order, also based on the imposition of reciprocal discipline, in the matter of *Sheron Barton*, D.C. App. No. 13-BG-1227, Bar Dkt. No. 201-13, suspending Sheron Barton from the practice of law in the District of Columbia.  That suspension, as well as the suspension of Ms. Barton's membership from the Bar of the U.S. District Court for

---

[2]   This court's local rules provide that an attorney who wishes to practice before the U.S. Bankruptcy Court for the District of Columbia, other than an attorney seeking *pro hac* admission, must be a member in good standing of the bar of the U.S. District Court for the District of Columbia.  *See* LBR 2090-1(a), making applicable DCt.LCvR 83.2.  As a practical matter, this means that when an attorney's membership from the bar of the U.S. District Court for the District of Columbia is suspended, the attorney is suspended from practice before this court as well.  This is true regardless of whether the attorney has ever encountered disciplinary issues with the bankruptcy court.

the District of Columbia, were both in effect when this case was filed.  In short, Ms. Barton filed this case notwithstanding that she was not a member in good standing of the bar of the district court of which this court is a unit and notwithstanding that she was suspended from the practice of law in the District of Columbia.  Ms. Barton is not entitled to recover fees for services performed while her bar membership was suspended, and I find that any such fee is presumptively unreasonable under 11 U.S.C. § 330.  *See Widmer v. Widmer*, 705 S.W.2d 878 (Ark. 1986) (attorney not entitled to fees for services performed while bar membership suspended); *Fletcher v. Krise*, 120 F.2d 809 (D.C. Cir. 1940) (attorney who was working on a contingent fee basis and who was disbarred prior to completion of litigation was not entitled to recover any fee, not even for value of services rendered prior to disbarment).  Ms. Barton's Rule 2016(b) statement (Dkt. No. 13) indicates that she received a fee of $900 for services rendered in connection with this bankruptcy case, and the court will order Ms. Barton to disgorge that fee in its entirety.

II

Ms. Barton appears to contend that there is a settlement agreement that renders her eligible to practice before this court, but she has not provided a copy of such an agreement to the court. Moreover, the District Court's records continue to reflect that Ms. Barton's membership is suspended, and I have no basis for concluding that there exists an agreement that will result in Ms. Barton's reinstatement. Rather than speculating about the impact of a forthcoming agreement, and to permit Ms. Barton a fair opportunity to demonstrate that she is eligible to appear before this court, I will simply condition any future appearances by Ms. Barton in this court (other than appearances made on her own behalf) upon the filing of a certificate of good standing, which can be obtained by eligible attorneys by submitting the attached form to the clerk of the District Court.

III

In accordance with the foregoing, it is

ORDERED that within 14 days after entry of this order, Sheron Barton shall disgorge to the debtor the $900 fee she received for services performed in connection with this bankruptcy case, and shall by that same deadline file a statement of compliance with the court. It is further

ORDERED that Ms. Barton may continue to file papers in this court on her own behalf. It is further

ORDERED that Ms. Barton's appearance on behalf of the debtor in this case has been stricken and, accordingly, Ms. Barton shall not file any further papers on behalf of the debtor unless expressly authorized by further order of this court.  It is further

ORDERED that if Ms. Barton seeks leave to appear on behalf of any party other than herself in this court, she must first file with this court a certificate of good standing issued by the clerk of the U.S. District Court for the District of Columbia demonstrating that her bar membership with the U.S. District Court for the District of Columbia has been reinstated.  It is further

ORDERED that the clerk of this court is directed to reject for filing any papers offered by Ms. Barton for filing on behalf of anyone other than herself until Ms. Barton has filed a valid certificate of good standing issued by the U.S. District Court for the District of Columbia.

[Signed and dated above.]

Copies to: Sheron Barton; Office of the U.S. Trustee.

CO A600
Rev. 10/2011

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA
### 333 Constitution Avenue, NW
### Washington, DC 20001
### (202) 354-3107

**Certificate of Good Standing
Request Form**

**Name:** _____

**Bar No.:** _____

**Address:** _____

_____

_____

**Date of
Admissions:** _____

**Mail:** _____  **or Call when ready:** _____  **Tel. #:** _____

**You may request a certificate of good standing in writing or by completing this form. The
fee is $18.00 (effective 11/1/2011). Please make checks payable to the "Clerk, U.S. District
Court." The certificate may be mailed or you may come to Room 1225 and the certificate
will be prepared while you wait.**